UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL MARTIN,                                    Case No. 16-13090

       Plaintiff,                             Robert H. Cleland
v.                                                United States District Judge

MCINTOSH, *et al*,                                Stephanie Dawkins Davis
                                                  United States Magistrate Judge
       Defendants.
_____/

**REPORT AND RECOMMENDATION
FOR RULE 41(B) DISMISSAL and
<u>TERMINATION OF MOTION AS MOOT (Dkt. 10)</u>**

**I.    PROCEDURAL HISTORY**

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against defendants on August 25, 2016, claiming violations of his civil rights. (Dkt. 1). At the time he filed his complaint, plaintiff was the custody of Genesee County. The case was referred to the undersigned Magistrate Judge for all pretrial purposes by District Judge Robert H. Cleland. (Dkt. 11). On November 8, 2016, plaintiff updated his address of record on the docket. (Dkt. 12). On October 27, 2016, defendants McIntosh and Robert Pickell filed a motion to dismiss. (Dkt. 10). On November 16, 2016, plaintiff was ordered to file a response by January 3, 2017. (Dkt. 17). This order was served on plaintiff at the address listed on file with the Court, as set forth on the Notice of Change of Address filed on November 8, 2016. (Dkt. 12,

1

17). On November 28, 2016, an order striking motion for default judgment, striking motion to amend complaint and denying motion to expedite jury trial was also served on plaintiff at the address listed on file with the Court. (Dkt. 20). On January 10, 2017, both orders served on plaintiff were returned as "undeliverable" by the U.S. Post Office. (Dkt. 22, 23). The Court then ordered plaintiff to show cause, in writing, by March 29, 2017 why this matter should not be dismissed for failure to keep his address updated or to respond to the motion to dismiss. (Dkt. 24). Alternatively, plaintiff was given another opportunity to file a response to the motion to dismiss by that same date. The Order to Show Cause warned plaintiff that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b)**." *Id*. (emphasis in original). This Order was served on plaintiff at both his current and former addresses identified on the court's docket. *See* Text-Only Certificate of Service dated March 15, 2017. Plaintiff has not responded to the Order to Show Cause or the Motion to Dismiss.

    For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motion to dismiss (Dkt. 10) be **TERMINATED** as **MOOT**.

## II. ANALYSIS AND CONCLUSION

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Additionally, the Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad

3

> faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). All four factors weigh in favor of dismissal here. With respect to the first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Consequently, the undersigned concludes that plaintiff's repeated failures to respond to the motion to dismiss and to keep his address current amounts to abandonment for the purpose of this analysis. *Brown v. VHS of Mich., Inc.*, 545 Fed. Appx. 368, 372 (6th Cir. 2013) (A plaintiff is deemed to have abandoned a claim when he fails to address it in response to a motion for summary judgment.). Thus, the first and second factors weigh in favor of dismissal.

Moreover, based on the multiple warnings given to plaintiff, the third factor also clearly weighs in favor of dismissal. (*See* Dkt. 17, 24). This court has

regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal more than once, failed to comply with court orders without explanation, where defendants expended resources on an abandoned action and lesser sanctions would prove useless. *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012). In this case, as in *Croton*, the Court warned plaintiff multiple times in writing that dismissal in defendants' favor would be granted if he failed to file a response to the motion and to the order to show cause. (Dkt. 17, 24). *See also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013). And finally, given plaintiff's failure to file a response as ordered and failure to respond to the order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by

5

a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5, citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately).

Additionally, a Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address. *Watsy v Richards*, 1987 WL 37151 (6th Cir. 1987). The undersigned concludes that, for the reasons discussed above, plaintiff has apparently abandoned this case by failing to provide the court with his current address and repeatedly failing to comply with orders of the Court. Under these circumstances, dismissal with prejudice is appropriate. Given the foregoing conclusions, the undersigned also recommends that the pending motion to dismiss be terminated as moot.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that

plaintiff's complaint against defendants be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motion to dismiss (Dkt. 10) be **TERMINATED** as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 21, 2017                              s/Stephanie Dawkins Davis
                                                  Stephanie Dawkins Davis
                                                  United States Magistrate Judge

# CERTIFICATE OF SERVICE

I certify that on April 21, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by U.S. Postal Service to the following non-ECF participant: Daniel Martin #7665, P.O. Box 2060, Ann Arbor, MI 48106 and at previous address for plaintiff Daniel Martin #7665, Genesee County Jail, 1002 Saginaw Street, Flint, MI 48502.

                                                  s/Tammy Hallwood
                                                  Case Manager
                                                  (810) 341-7887
                                                  tammy_hallwood@mied.uscourts.gov